UNITED STATES of America, Plaintiff—Appellee,

v.

Tresha B. HOWELL, Defendant—Appellant.

No. 06–30569.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Dec. 21, 2007.

Michael Joseph Fica, Esq., Office of the U.S. Attorney, Pocatello, ID, Alan G. Burrow, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

Nick Vieth, Federal Defenders Eastern Washington and Idaho, Pocatello, ID, for Defendant–Appellant.

Before: McKEOWN and CLIFTON, Circuit Judges, and SCHWARZER *, District Judge.

MEMORANDUM **

Tresha Howell appeals the district court's denial of her motion to suppress evidence obtained during an inventory search of her rental car at the scene of a crash where she was rendered incapacitated and during a subsequent search of her residence, which served as the basis for her guilty plea to one count of conspiracy to possess and distribute methamphetamine pursuant to 21 U.S.C. §§ 846 and 841(a)(1). We review de novo the denial of a motion to suppress evidence. *United States v. Gorman,* 314 F.3d 1105, 1110 (9th Cir.2002). We affirm the district court's judgment because the search was conducted as part of a lawful inventory search under Idaho State Police Procedure § 06.05—Vehicle Impound and Inventory, subpart D "Crash Scene Inventory" ("Idaho Impound Procedure").

Inventory searches fulfill a "community caretaking" function: to protect the own-

---

* The Honorable William W. Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

er's property while in police custody; to protect the police against claims of lost or stolen property; and to protect the police from potential danger. *See South Dakota v. Opperman,* 428 U.S. 364, 368–9, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). For inventory searches to be constitutional, they must be undertaken pursuant to standardized local or state police procedures or routine practice. *See Colorado v. Bertine,* 479 U.S. 367, 374 & n. 6, 107 S.Ct. 738, 93 L.Ed.2d 739 (1987).

The Idaho Impound Procedure states in relevant part that "[a]t a crash scene where no probable cause exists that a vehicle was involved in a crime and the vehicle must be towed," and the "owner/operator is incapacitated," state troopers are to "complete the EH 06 05–01 Towed/Abandoned Vehicle Inventory/Notice form, listing every item that can be identified as belonging with the vehicle." Trooper Olsen, the officer who responded to Howell's crash scene, did just this. Howell had already been transferred to the hospital, and so Trooper Olsen proceeded with the mandated inventory of the vehicle's contents.

Though certain aspects of the crash scene aroused undefined suspicions in Trooper Olsen's mind, as he candidly testified, there was no probable cause or articulable suspicion of criminal activity as he initiated the search. He was conducting a legitimate inventory search. After he discovered the methamphetamine inside the duffel bag, he also had probable cause, and so continuing the search was not only lawful, but necessary to fulfill the caretaking function of the inventory search. *See United States v. Ross,* 456 U.S. 798, 818–19, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982) (containers and packages found during a legitimate warrantless search of an automobile may also be searched without a warrant).

According to Sergeant Brian Zimmerman, Trooper Olsen's supervisor, Trooper Olsen followed proper procedures in his search, including the search of the duffel bag. Significantly, Howell challenged the motivation of the search as an investigative search but did not challenge the scope of the search actually undertaken.

Based on the written procedure, Trooper Olsen's testimony about his conduct at the crash scene, and Sergeant Zimmerman's uncontested explanation of Idaho procedure, we conclude that the search was conducted as part of a lawful inventory search and thus uphold the district court's denial of the motion to suppress evidence.

**AFFIRMED.**